UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALEX LEONARD AZEVEDO, | No. 2:17-cv-0472 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER and |
| COLUSA COUNTY JAIL, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I.     Introduction

Plaintiff is a county detainee incarcerated at the Colusa County Jail. Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983; a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915; a motion for appointment of counsel; and a motion for issuance of summonses.

Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 4. For the reasons that follow, this court recommends the dismissal of this action without leave to amend and denial of plaintiff's motions as moot.a

II.     In Forma Pauperis Application

Plaintiff has submitted an affidavit and jail trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 5. Nevertheless, because this court recommends

1

dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

### III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); see also 41 U.S.C. § 1983. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### IV. Screening of Plaintiff's Complaint

Plaintiff makes the following three claims, see ECF No. 1: (1) that Colusa County Jail Officer Keri King denied plaintiff breakfast on August 30, 2016, the morning plaintiff was admitted to the jail; plaintiff states that he was arrested at 3:10 a.m., but King refused to give him breakfast at 6:15 a.m., leaving him hungry and embarrassed; (2) that Colusa County Superior Court Judge Jeffrey Thompson improperly denied plaintiff's Marsden motion on November 23, 2016, denying plaintiff's Sixth Amendment right to counsel and resulting in plaintiff receiving a longer sentence than he should have received; and (3) that jail officials improperly recorded plaintiff's November 2016 telephone conversation with his attorney, in violation of state regulations.

Plaintiff's first claim is premised on the alleged denial of basic necessities. However, denying plaintiff breakfast one morning more than a year ago does not state a cognizable Eighth Amendment claim because it was not, objectively, "sufficiently serious" to violate constitutional requirements and did not exhibit a "sufficiently culpable state of mind" on the part of Officer

2

King to support liability. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff's exhibits to the complaint confirm this assessment. As set forth in the response of an officer to plaintiff's grievance on the matter: "Spoke [with] Azevedo and explained reason on why he was not fed while in sobering. Explained his combative and verbal abuse makes the situation unsafe." ECF No. 1 at 14.

Plaintiff's second claim, against Judge Thompson, is barred because judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under Section 1983. Pierson v. Ray, 386 U.S. 547, 553-55 (1967). "A judge will . . . be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). The scope of a judge's jurisdiction is determined by the two-part test articulated in Stump: whether the challenged act is "a function normally performed by a judge," and whether the parties "dealt with the judge in his judicial capacity." Id. at 362. In the instant case, Judge Thompson's ruling on plaintiff's Marsden motion was squarely within the scope of his judicial authority, rendering him absolutely immune from liability under Section 1983.

In his third claim, plaintiff alleges a violation of state law when jail officials recorded plaintiff's November 2016 telephone conversation with his attorney. Plaintiff cites Cal. Code Regs. tit. 15, § 3282, applicable to state prisons, which sets forth the procedures for designating and implementing a confidential telephone call. See id., § 3282(g) ("If a call is determined to be an attorney/inmate confidential phone call, in order for the inmate to place or receive the call it must have already received approval/clearance in accordance with subsections (g)(1), (g)(2) and (g)(4)."). Plaintiff's exhibits demonstrate that he did not obtain prior approval for the subject telephone call. As the Jail Commander responded in part to plaintiff's subject grievance, ECF No. 1 at 12: "You did not inform this facility of your new attorney # and therefore we were not aware of it. The attorney's number is now blocked from recording and any recordings have been deleted by the phone provider. It is your responsibility to notify jail staff you have hired a new attorney and they will make every effort to ensure your attorney client privilege is protected." Moreover, even if county jail officials were in violation of state law, such violation would not

state a federal civil rights claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[.]" West v. Atkins, 487 U.S. 42, 48 (1988).

The undersigned finds none of plaintiff's putative claims cognizable under Section 1983, and therefore concludes that amendment of the complaint would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, the undersigned recommends that this action be dismissed without leave to amend.

V. Request for Issuance of Summonses

Plaintiff requests that the court issue his proposed summonses on defendants. See ECF No. 7. The request should be denied as moot. Plaintiff is informed that even if his complaint stated a cognizable claim against a specific defendant, and he qualified for in forma pauperis status, plaintiff would be required to complete and submit a summons provided by the court which would, in turn, be served by U.S. Marshal.

VI. Motion for Appointment of Counsel

Plaintiff requests appointment of counsel due to his poverty, imprisonment, limited knowledge of the law, need for assistance at trial, and dismissal of his prior cases. See ECF No. 6. This request should also be denied as moot.

Plaintiff is informed that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

likelihood of success on the merits as his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff bears the burden of demonstrating exceptional circumstances. Id. However, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish the requisite exceptional circumstances. Id.

VII. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. The complaint, ECF No. 1, be dismissed without leave to amend for failure to state a potentially cognizable claim.

2. Plaintiff's motions to proceed in forma pauperis, ECF No. 5, for appointment of counsel, ECF No. 6, and for issuance of summonses, ECF No. 7, be denied as moot.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 27, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE